UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC LEE JONES,

v.  Case No. 8:06-cr-147-T-24EAJ
8:07-cv-1985-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court upon Defendant Eric Lee Jones' motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-33).  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

PROCEDURAL HISTORY

On July 25, 2006, Jones pled guilty, without a plea agreement, to distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(c) (Count One); possession with intent to distribute five grams or more of cocaine base, in violation of 21

U.S.C. § § 841(a)(1) & 841(b)(1)(B) (Count Two); possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Doc. cr-28). On October 24, 2006, the Court sentenced Jones to a total term of one hundred and twenty months as to Counts One, Two and Four, to run concurrent to each other and sixty months as to Count Three to run consecutive to Counts One, Two and Four. (Doc. cr-28). Judgment was entered that same day. (Doc. cr-28). Jones did not directly appeal his conviction and sentence.

On November 1, 2007, Jones timely filed the present 28 U.S.C. § 2255 motion to vacate, raising one ground of ineffective assistance of counsel. (Doc. cv-1; cr-33). Jones alleges that he was sentenced:

> to a mandatory minimum sentence of 120 months for intending to distribute crack cocaine. However, the drug was cocaine not crack cocaine. My counsel was ineffective for failing to investigate this fact and failing to petition the Court in accordance with the Criminal Justice Act to have the drugs tested. This caused prejudice to me as the judge imposed the lowest sentence in the mandatory minimum range. If my counsel would have tested the drugs and challenged the crack cocaine issue I would have been sentenced to a sentence below 120 months.

Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.*

at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id.* at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir.1992); *see Strickland*, 466 U.S. at 690.

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

DISCUSSION

Jones cannot show that his defense counsel was ineffective. Jones pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § § 841(a)(1) & 841(b)(1)(c) (Count

One); and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) & 841(b)(1)(B) (Count Two). (Doc. cr-32 [Transcript of Sentencing Hearing] at pp. 5-6).

At sentencing, defense counsel acknowledged that minimum mandatory sentences applied to Counts Two and Three. (Doc. cr-32 at p. 6). She stated that she had gone over the Presentence Investigation Report (PSR) and the details of the sentencing with Jones. (Doc. cr-32 at p. 4). Jones confirmed that he had had an opportunity to discuss the PSR with his defense counsel. (Doc. cr-32 at p. 4).

Defense counsel stated that Jones had limited reading and writing skills, but that she had "gone over everything in detail with him to ensure that he is able to understand everything. . ." (Doc. cr-32 at p. 7). When asked whether he had anything he wanted to say regarding sentencing , or anything else . . .", Jones replied "No, ma'am. I think Ms. Stubbs has, uh, said everything I would like to say."

The Court then sentenced Jones, stating:

> Mr. Jones, on July the 25th, 2006, you pled guilty to Count One of the Indictment which did charge you with distribution of crack cocaine or cocaine base.
>
> You pled guilty to Count Two, which charged you with possession with the intent to distribute five grams or more of crack cocaine or cocaine base.
>
> You pled guilty to Count Three, which charged you with possession of a firearm during a drug trafficking crime.
>
> And you pled guilty to Count Four, which charged you with possession of a firearm by a convicted felon.
>
> . . . .
>
> There were no objections to either the facts or the advisory guideline calculations, so I will adopt the facts and the advisory guideline calculations as they are contained in the Presentence Investigation Report.

4

> And I think I said this, but I'll say it again, the total offense level is a 25 of the advisory guidelines, criminal history category of six. There is a minimum mandatory on the drug counts, 120 to 137 months would be the range of imprisonment. Count three has a consecutive minimum mandatory of 60 months. . . .

(Doc. cr-32 at pp. 8-9).

Jones does not contend that his plea was involuntary, and the record demonstrates that he entered a voluntary and intelligent guilty plea.

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); Wilson v. United States, 962 F.2d 996 (11th Cir.1992). However, the plea does not bar the collateral review of ineffective assistance of counsel claims to the extent that the alleged ineffectiveness bears upon the voluntariness of the guilty plea. See *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985); *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir.1991) ("The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions in his counsel's advice regarding the plea." ) (citation omitted).  *See Statton v. McDonough*, 2007 WL 1222581 at * 7 (M.D. Fla. April 24, 2007).

Jones has not alleged that there were "serious derelictions in his counsel's advice regarding the plea."  The record, and especially the transcript of the sentencing hearing demonstrates that defense counsel had reviewed Jones' PSR and the possible sentences with Jones prior to the sentencing hearing.

Jones' only allegation of ineffective assistance of counsel is that his counsel did not have the drugs tested and did not challenge the crack cocaine issue. Jones' voluntary entry

5

plea forecloses federal collateral review of this alleged constitutional error preceding the entry of the plea.

Furthermore, even if this Court were not foreclosed from reviewing Jones' ineffective assistance of counsel claim, Jones would not be entitled to relief. Because Jones entered a voluntary and intelligent guilty plea to possession of crack cocaine, not powder cocaine, Jones cannot show that there was a reasonable probability that, but for defense counsel's not having the drugs tested, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Therefore, Jones cannot demonstrate that he was prejudiced by counsel's not petitioning the Court to have the drugs tested. Jones is not entitled to relief on his ineffective assistance of counsel claim.

Accordingly, the Court orders:

That Jones' motion to vacate (Doc. cv-1; cr-33) is denied, with prejudice. The Clerk is directed to enter judgment against Jones in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 27, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  Ashley B. Moody
Pro se:  Eric Lee Jones